JAMES TAFOYA and
TIMOTHY WOOD,
           Petitioners,

    vs.

UNITED STATES OF AMERICA,
           Respondent.

Civil No. 1:22-cv-00517-SCY-LF

## GOVERNMENT'S RESPONSE TO
## PETITION FOR RETURN OF PROPERTY

The United States of America, by undersigned counsel, submits this response to petitioners James Tafoya's and Timothy Wood's Petition for Return of Property (the "Petition") under Rule 41(g) of the Federal Rules of Criminal Procedure. The property that James Tafoya ("Tafoya") and Timothy Wood ("Wood") (jointly, "Petitioners") seek to have returned to them is evidence of violations of the National Firearms Act and other serious criminal offenses in an ongoing criminal investigation in the District of Maryland. It is also subject to forfeiture under the National Firearms Act ("NFA"), 26 U.S.C. § 5801 et seq., rather than pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA)[1].

**Factual Summary**

The seizures of which Petitioners complain arise from an ongoing criminal investigation conducted by the United States Department of Alcohol, Tobacco, and Firearms ("ATF") and the United States Attorney's Office in the District of Maryland. Specifically, the United States Attorney's Office for the District of Maryland is conducting a multi-year, multi-jurisdiction

---

[1] Pub. L. 106-185, Apr. 25, 2000, 114 Stat. 202 (codified in part at 18 U.S.C. § 983).

investigation into the fraudulent use of bogus "law letters" to justify importation and/or the domestic transfer of machine guns and other highly regulated firearms that were never intended to make it into the hands of law enforcement, even for demonstration purposes. Instead, these weapons were diverted to individuals such as the Petitioners.

On November 26, 2021, Magistrate Judge Steven C. Yarbrough in the District of New Mexico found that there was probable cause to believe that there was a conspiracy to violate Section 922(l) of Title 18 as well as substantive violations of Section 922(l), which prohibits unlawful importation of weapons. Magistrate Judge Yarbrough also found that there was probable cause to believe that evidence of those crimes would be found in five locations: the home and business of James Tafoya, the business nominally owned and operated by Timothy Wood, and the business and home of Shawn Blas, suspected co-conspirator with the Petitioners. Agents were authorized to seize NFA weapons, as well as business records and other documents that would reflect involvement in the conspiracy and the substantive offences. See 21 MR 1668, 1669, 1670, 1671 and 1672, D.N.M. 2022.

On November 30, 2021, search and seizure warrants were executed at residential and business locations belonging to the Petitioners. Personal notice[2] of Seizure of Property and Initiation of Administrative Forfeiture Proceedings was provided to both Tafoya and Wood at a variety of locations:

---

[2] The government also published notice of the seizures at forfeiture.gov. The claims period has expired, and no additional claims were filed as to the weapons at issue in this case.

| Petitioner | Date | Notice Location | Claims Deadline | Exhibit No. |
|---|---|---|---|---|
| Tafoya | January 12, 2022 | 207 SW Old Coors DR Albuquerque, NM 87121 | February 01, 2022 | 1 |
| Wood | January 12, 2022 | 2612 NW Bosque Del Sol LN Albuquerque, NM 87121 | February 01, 2022 | 2 |
| Tafoya | January 14, 2022 | 12101 Signal AV Albuquerque, NM 87122 | February 03, 2022 | 3 |
| Tafoya | January 28, 2022 | 12101 Signal AV Albuquerque, NM 87122 | February 17, 2022 | 4 |
| Wood | January 28, 2022 | 2612 NW Bosque Del Sol LN Albuquerque, NM 87120 | February 17, 2022 | 5 |

As noted in Section II of each Notice of Seizure, Tafoya or Wood, respectively, had 20 days to file a claim under the NFA, instead of the 30 days permitted under CAFRA. (Exhibits 1-5, Section II B, citing to 19 U.S.C. § 1608). Unlike a claim under CAFRA, these claims could not be made online. (Exhibits 1-5, Section II.C). Unlike under CAFRA, these claims had to be accompanied by a Cost Bond. (Exhibits 1-5, Section II D, citing to 19 U.S.C. § 1608).

On January 28, 2022, Petitioner James Tafoya filed a NFA claim seeking return of the weapons identified in the notices he had received on January 12 and 14, 2022. He included a cashier's check for the $5,000 as required by the NFA. On February 15, 2022, Tafoya filed a second NFA claim seeking return of the weapons identified in the notice he had received on January 28, 2022. Again, he included a cashier's check for the $5,000 bond.

On January 31, 2022, Petitioner Timothy Wood filed a NFA claim for the weapons identified in the Notice dated January 14, 2022. He submitted a $5,000 bond with the claim, as required by the NFA. On February 16, 2022, Wood filed a second NFA claim, this one for the weapons identified in the Notice dated January 28, 2022. Once again, the claim was accompanied by a $5,000 bond as required by the NFA.

**Argument**

The Petitioners ask this Court to force the United States Attorney's Office in the District of Maryland to return evidence in an ongoing investigation into a criminal conspiracy to illegally import and/or domestically transfer fully automatic machine guns and other highly regulated weapons. The investigation involves firearms dealers and law enforcement officials in five states, including New Mexico. Among the items seized were a large number of weapons controlled under the NFA. In addition, agents seized documents and electronic devices containing information that reflected how those weapons were obtained, i.e., evidence of the alleged criminal offences being investigated. Although charges have not yet been filed against the Petitioners, an indictment addressing all the NFA weapons seized and naming one or both of the Petitioners as defendants is expected to be sought once the investigation is concluded. This is not a case where an unwieldy multi-state investigation is stalled. Quite the contrary; several proffers with additional witnesses are planned for the next month alone, and several proffers conducted to date have yielded significant information about the conspiracy generally and about the Petitioners in particular. The case is being handled by two extremely senior AUSAs from the National Security and Cyber Crime section in the United States Attorney's Office for the District of Maryland.

While the government expects to resolve the forfeiture of these items in the forthcoming criminal prosecution, it has initiated the Administrative Forfeiture Proceedings as stated above to preserve the ability to address ownership issues should property not be criminally forfeited. By initiating the administrative forfeiture proceedings under the NFA, the government protected the rights of the Petitioners and any other individuals who might have asserted an interest in the seized property. However, weapons covered by the NFA are not subject to CAFRA or CAFRA

deadlines, as forfeiture under the NFA is not authorized by CAFRA but rather the Internal Revenue Code of 1986. *See* 18 U.S.C. § 983(i)(2)(B); *see also* 18 U.S.C. 3051(c)(1) (subject to certain exceptions, "provisions of the Customs laws relating to (A) the seizure, summary and judicial forfeiture…shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any applicable provision of law enforced or administered by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.").

The two fundamental problems with the Petition are that it mistakenly invokes Rule 41(g) for relief and it was filed in the wrong venue. First, there is voluminous case law holding that Rule 41(g) is an equitable remedy that may be used only when a petitioner lacks an adequate remedy at law. However, when, as here, the Government invokes the statutory forfeiture procedures that provide property owners with adequate means of asserting their property rights, Rule 41(g) cannot be used to seek the return of property. *See United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (Rule 41[g] motion properly denied if property is subject to forfeiture, or if government's need for the property as evidence continues); *Ibarra v. United States,* 120 F.3d 472, 475-76 (4th Cir. 1997) (once government initiates administrative forfeiture proceedings, district court lacks subject matter jurisdiction over action commenced against the government for return of property based on a violation of petitioner's constitutional rights); *United States v. One 1974 Learjet*, 191 F.3d 668, 673 (6th Cir. 1999) (once government serves notice of forfeiture action on petitioner, petitioner's only remedy is to contest forfeiture on the merits; he may not file a Rule 41[g] motion); *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) (district court loses subject matter jurisdiction to adjudicate seizure in a peripheral setting such as Rule 41[g] once government commences administrative proceedings). As the Seventh Circuit stated, "The proper office of a Rule 41(g) motion is, before any forfeiture

proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (emphases added).

Here, the seized weapons and records are subject to the criminal investigation in the District of Maryland, and, should that not resolve the forfeiture of the property, a civil forfeiture action arising out of the administrative forfeiture proceeding will. Therefore, to the extent that Petitioners are contesting probable cause for the seizure of the property, their remedy is a motion to suppress in their criminal prosecution in the District of Maryland; if they are seeking the return of the seized property because the weapons are not derived from criminal offenses, they must raise that issue in the forfeiture phase of their trial under Fed. R. Crim. P. 32.2(b)(1)(B), not in a Rule 41(g) motion. *See United States v. Stegemann*, 40 F. Supp. 3d 249 (N.D.N.Y. 2014); *see also United States v. Latorre*, 2020 WL 7685935 (N.D. Ga. Nov. 23, 2020), adopted 2020 WL 7351222 (N.D. Ga. Dec. 15, 2020) (denying pretrial Rule 41(g) motion for return of currency seized from defendant's residence where government filed a bill of particulars adding the asset to indictment's forfeiture allegation, finding defendant's remedy was to challenge forfeiture on the merits during forfeiture phase of his criminal trial); *United States v. Thomas*, 2021 WL 1248147, *3 (W.D. Pa. Apr. 5, 2021) (denying a Rule 41(g) motion for return of jewelry seized from defendant's residence because jewelry was named in indictment's forfeiture allegation, and because the government asserted that the jewelry may be needed for evidence at trial).

Petitioners have also chosen the wrong venue. Any relief Petitioners seek should be addressed in the district handling the ongoing criminal investigation, with whom both of their

counsel have been in contact. This is true whether Petitions seek suppression or to challenge the forfeiture in the criminal forfeiture proceedings. Otherwise, Petitioners ask this Court to interject itself into the ongoing criminal investigation in another District and issue a ruling that could interfere with the evidence available in those proceedings. Although Rule 41(g) states that the motion "must be filed in the district where the property was seized," and most courts have held the same, this venue requirement would apply *when* a motion pursuant to Rule 41(g) is properly filed, not during the pendency of such proceedings that provide the petitioner with an adequate remedy at law. Allowing a Rule 41(g) motion to proceed in the venue where properties have been seized while related criminal or forfeiture proceedings are being conducted in another district will sow chaos in the prosecution of cases with multi-jurisdictional property seizures and evidence collection. Such chaos does not exist precisely because Rule 41(g) motions are not appropriate when a petitioner has an adequate remedy at law in another district. To frame it another way, Petitioners could not file a motion in this District to suppress evidence in the District of Maryland criminal case simply because the evidence was seized in New Mexico; they should not be permitted to suppress evidence collected here simply by casting their motion to suppress as a Rule 41(g) motion. Petitioners must pursue their remedies in the related criminal and forfeiture proceedings in the District of Maryland.

Finally, as noted above, the National Firearms Act is explicitly exempted from CAFRA. *See* 18 U.S.C. § 983(i)(2)(B). The deadlines which the Petitioners insist the government has failed to meet do not apply. Thus, even if the government is not entitled to retain all the seized materials and weapons as evidence of the criminal conduct—which the Government disputes— the government would not be in violation of any legal requirements for initiation of a civil forfeiture action, since inclusion of the seized weapons in the anticipated criminal forfeiture

allegation in the forthcoming criminal indictment would satisfy NFA forfeiture requirements. *See* 19 U.S.C. § 1604. Should forfeiture of the property not be resolved criminally, a civil forfeiture action will be initiated at that time in the District of Maryland, again pursuant to NFA forfeiture requirements. *See* 19 U.S.C. §§1602-1619.

**Conclusion**

Because Petitioners have adequate remedies at law, e.g., a motion to suppress or a challenge to the forfeiture in the related criminal case or a subsequent civil forfeiture, Rule 41(g) is unavailing, and because Petitioners' remedies should be sought in the district where the related federal criminal case and forfeiture proceedings are forthcoming against them, i.e., the District of Maryland, a hearing on this matter in this District would be inappropriate and the Petition for return of property should be denied.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney
District of New Mexico

*Electronically filed September 13, 2022*
RUTH F. KEEGAN
Assistant United States Attorney
201 Third Street, NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7205 Facsimile
ruth.f.keegan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties and counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Ruth F. Keegan 9/13/22*
RUTH F. KEEGAN
Assistant United States Attorney