IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES TAFOYA and
TIMOTHY WOOD,

      Petitioners,

vs.                                          No. 1:22-cv-00517-WJ-LF

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER OF
DISMISSAL WITHOUT PREJUDICE**

THIS MATTER is before the Court on the Petition for the Return of Seized Property Under Fed. R. Crim. P. 41(g) (Doc. 1). Based on Tenth Circuit precedent, the Court determines that it lacks jurisdiction and dismisses the case without prejudice. The Court also denies all pending motions as moot in light of dismissal of the case.

Tafoya and Wood are federally licensed firearms dealers in New Mexico. (Doc. 1 at 1). They are involved in a multi-jurisdiction, multi-year investigation by the United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") and the United States Department of Justice ("DOJ") into alleged illegal importation or domestic transfer of automatic firearms such as machine guns and other highly regulated firearms. (Doc. 6 at 1-2). The crux of the allegations is that the firearms dealers, including Tafoya and Wood, fraudulently used ATF form Applications for Tax-Exempt Transfer of Firearms, referred to in the filings as "law letters," which permit importation and transfer of automatic weapons solely to sell or demonstrate the weapons to law enforcement agencies. (Doc. 6 at 1-2). But it is alleged the dealers never sold or demonstrated the weapons to law enforcement agencies and, instead, illegally diverted the firearms. (Doc. 6 at 2).

As part of the investigation, ATF and DOJ seized thousands of automatic firearms from the dealers, including hundreds from Tafoya and Wood. (Doc. 1 at 2; Doc. 1-9 at 4-6; Doc. 6-1, Doc. 6-2, Doc. 6-3, Doc. 6-4, doc. 6-5). The firearms taken from Tafoya and Wood were seized in New Mexico in late November 2021 to January 2022 based on warrants issued by United States Magistrate Judge Steven C. Yarbrough. (Doc. 6 at 2-3). The firearms are currently in the possession of DOJ in the District of Maryland and are being retained as evidence in the ongoing investigation. (Doc. 6 at 1). The government has indicated that formal criminal indictments will be handed down in the District of Maryland soon, but there have been no indictments yet. In addition, documents attached to the parties' filings indicate that Petitioner Wood may not be a target and may not be indicted but, instead, may be a cooperating witness in the proceedings. (Doc. 19 at 1-2; Doc. 19-1).

Tafoya and Wood filed this proceeding as a civil case seeking equitable relief in the form of return of the automatic weapons seized by ATF and DOJ. (Doc. 1). Although they seek equitable civil relief, they base their entitlement to relief on Fed. R. Crim. P. 41(g). (Doc. 1 at 1; Doc. 19 at 1). The government contends that petitioners cannot seek equitable relief based on Fed. R. Crim. P. 41(g) and the case should be dismissed. (Doc. 6 at 5; Doc. 20 at 3-5). The Court issued an order to show cause (Doc. 16), directing the parties to show cause why the case should not be transferred to the District of Maryland or, alternatively, dismissed for lack of jurisdiction. (Doc. 16 at 2).

The government contends that Tafoya and Wood cannot proceed under Rule 41(g) because they have alternative remedies available to them and, as a result, this court lacks subject matter jurisdiction and the case must be dismissed rather than transferred. (Doc. 20). They also contend that the alternative remedies must be pursued by Tafoya and Wood in the District of Maryland.

(Doc. 20 at 11). The government also demonstrates that the government gave notice of initiation of administrative forfeiture proceedings and that both Tafoya and Wood have already filed claims for return of the firearms in civil forfeiture proceedings in Maryland under the National Firearms Act, 26, U.S.C. § 5801 *et seq.* ("NFA"). (Doc. 6 at 3; Doc. 6-1; Doc. 6-2; Doc. 6-3; Doc. 6-4; Doc. 6-5). Tafoya and Wood do not dispute that they have been given notice of the administrative forfeiture proceedings in Maryland and have filed claims. (Doc. 1-9).

Tafoya and Wood argue that the court does have jurisdiction to grant equitable relief based on Rule 41(g). They contend that because a Rule 41(g) criminal motion must be brought in the district where the property was seized, venue is proper in New Mexico and the case should not be transferred. (Doc. 19). Alternatively, petitioners argue and have filed two motions asserting that the court must hold an evidentiary hearing under Rule 41(g) to resolve disputed questions before deciding whether to dismiss the case for lack of jurisdiction. (Doc. 19).

**1. Tenth Circuit Precedent Directs Dismissal Based on Lack of Jurisdiction:**

Fed. R. Crim. P. 41(g) states:

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Rule 41(g) is part of the rules of procedure for criminal proceedings in the United States district courts. Fed. R. Crim. P. 1(a)(1). There is nothing in the rules that provides for use of Rule 41(g) as the basis for a civil case in equity, and civil property forfeiture is expressly excluded from the scope of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 1(a)(5).

3

The Tenth Circuit has held that a district court lacks jurisdiction over a Fed. R. Crim. P. 41(g) proceeding, including one brought as a civil case in equity, unless no other remedy at law exists.  *See, Frazee v. Internal Revenue Serv.,* 947 F.2d 448, 449 (10th Cir. 1991); *United States v. Madden,* 95 F.3d 38, 40 (10th Cir. 1996); *United States v. Akers,* 215 F.3d 1089, 1106-1107 (10th Cir. 2000); *United States v. $30,006.25 in U.S. Currency,* 236 F.3d 610, 614 (10th Cir. 2000).  The Tenth Circuit's position is consistent with a majority of other jurisdictions.  *See, e.g., Ibarra v. United States,* 120 F.3d 472, 475-476 (4th Cir. 1997) (district court lacks subject matter jurisdiction over a Rule 41(g) proceeding after the government has instituted administrative forfeiture proceedings); *United States v. One 1974 Learjet,* 191 F.3d 668, 673 (6th Cir. 1999) (once the government gives notice of administrative forfeiture proceeding, petitioner's only remedy is to contest forfeiture, not to proceed under Rule 41(g)); *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 479 (2nd Cir. 1992) (district court loses subject matter jurisdiction to adjudicate seizure under Rule 41(g) once the government commences administrative forfeiture proceedings). *See, also, United States v. Verdieu,* 718 F. App'x 822, 825 (11th Cir. 2017); *In re Matthews*, 395 F.3d 477, 483 (4th Cir. 2005); *Abernathy v. Kral,* 305 F.Supp. 3d 795, 797 (N.D. Ohio 2018); *United States v. Douleh,* 220 F.R.D. 3391, 397 (W.D.N.Y. 2003).

The government contends that Petitioners Tafoya and Wood have other available remedies, including the NFA administrative forfeiture proceedings, a motion to suppress or a challenge to the forfeiture in the criminal case, or a subsequent civil forfeiture proceeding in the District of Maryland, and the case must be dismissed for lack of jurisdiction.  (Doc. 20 at 11).  Tafoya and Wood do not dispute the availability of the NFA administrative forfeiture remedies.  (Doc. 6-1; Doc. 6-2; Doc. 6-3; Doc. 6-4; Doc. 6-5). Therefore, Petitioners do have other remedies available to them and the Tenth Circuit cases and those from other jurisdictions involving proceedings under

Rule 41(g) indicate that the case should be dismissed for lack of subject matter jurisdiction. *Madden,* 95 F.3d at 40; *Akers,* 215 F.3d at 1106-1107; *Ibarra,* 120 F.3d at 475-476; *One 1974 Learjet,* 191 F.3d at 673; *One 1987 Jeep Wrangler,* 972 F.2d at 479.

Petitioners do not controvert receipt of the notices of forfeiture under the NFA or that they have filed claims in the administrative proceedings. Instead, they argue that the court does have jurisdiction based on a U.S. Supreme Court case, *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. 555, 564 (1983) (permitting a civil proceeding to determine whether there has been a 5th Amendment deprivation of property without due process). In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency,* customs officials seized cash from a Canadian passenger entering the United States at an airport when the passenger failed to report the cash on a customs form as required by 31 U.S.C. § 1102(a).

Petitioners argue that the case should apply because it involved a government seizure of property and an administrative forfeiture proceeding. The administrative forfeiture proceeding in *Eight Thousand Eight Hundred & Fifty Dollars* was instituted under the customs laws, 19 U.S.C. §§ 1602 *et seq.*, rather than the NFA. Plaintiff in the *Eight Thousand Eight Hundred & Fifty Dollars* case contended that a delay in investigation and commencement of the administrative forfeiture proceeding violated her due process rights. 461 U.S. at 562. The Supreme Court determined that Plaintiff could pursue her claim and that determination of whether her due process rights were violated by the delay should be made based on the speedy trial test adopted in *Barker v. Wingo*, 407 U.S. 514 (1972). Petitioners Wood and Tafoya argue that the case authorizes their Rule 41(g) proceedings and that the delay in investigation and commencement of criminal proceedings against them similarly violates their constitutional rights. (Doc. 19).

There are grounds for distinguishing *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency* from this case. First, *Eight Thousand Eight Hundred & Fifty Dollars* can be distinguished because it involved a warrantless seizure of cash at an airport pursuant to statute, not allegedly illegal firearms seized pursuant to a warrant issued by a federal magistrate judge as part of a pending criminal investigation. *Compare* 461 U.S. at 558-560 and Doc. 1 at 2, Doc. 20 at 3. It is also important to note that *Eight Thousand Eight Hundred & Fifty Dollars* was not a proceeding under, and does not even mention, Fed.R.Crim.P.41(g). Instead, the case was effectively a civil rights case alleging violation of constitutional due process rights. 461 U.S. at 562. The seizure and forfeiture of the cash under the customs laws is primarily a civil proceeding and, unlike this proceeding, the case did not involve an extensive criminal investigation and potential criminal prosecution. 461 U.S. at 559-562. Last, the issue in *Eight Thousand Eight Hundred & Fifty Dollars* was delay in filing the civil administrative forfeiture proceeding, not delay in prosecution of a criminal case, and the administrative forfeiture proceeding has already been instituted in this case. 461 U.S. at 562; Doc. 6-1, 6-2, 6-3, 6-4, and 6-5.

Petitioners chose to bring this case under Fed. R. Crim. P. 41(g). Under Tenth Circuit precedent, this Court lacks jurisdiction over a Rule 41(g) civil proceeding unless no other remedy at law is available to Petitioners. *Frazee,* 947 F.2d at 449; *Madden,* 95 F.3d at, 40; *Akers,* 215 F.3d at 1106-1107; *$30,006.25 in U.S. Currency,* 236 F.3d at 614. However, as established by the record, there are other remedies available to Petitioners and therefore this Court lacks jurisdiction. To the extent Petitioners argue they should be permitted to bring an action for return of the firearms, the nature of the claims and the underlying proceedings distinguish this case from *Eight Thousand Eight Hundred & Fifty Dollars* and the Court will not adopt a novel cause of action

contrary to Tenth Circuit precedent. Therefore, the Court will dismiss this case without prejudice for lack of jurisdiction.

### 2. An Evidentiary Hearing is Unnecessary.

Alternatively, Petitioners argue that the court must hold an evidentiary hearing under Rule 41(g) and *Eight Thousand Eight Hundred & Fifty Dollars* to resolve disputed questions, such as overbreadth of the warrant and whether the government's delay in prosecuting the case is unreasonable, before deciding whether to dismiss the case for lack of jurisdiction. (Doc. 19). Petitioners argue that under *Eight Thousand Eight Hundred & Fifty Dollars*, the Court should apply the balancing test established by *Barker* in deciding whether petitioners have been or will be irreparably harmed by delay in return of the property. (Doc. 19 at 9-13. Applying *Barker v. Wingo*, the Court must weigh four factors to determine if a claimant's due process rights are violated by delay: (1) the length of the delay; (2) the reason for the delay; (3) the claimant's assertion of the claimant's right, and (4) prejudice to the claimant. *Barker v. Wingo,* 407 U.S. at 530.

As set out, above, however, Rule 41(g) and *Eight Thousand Eight Hundred & Fifty Dollars* do not apply in this case and, therefore, the provisions of Rule 41(g) similarly do not control where or how Petitioners claims can be brought. Further, it is unnecessary for the Court to hold an evidentiary hearing to resolve any issues. As set out, above, the record establishes the existence of other remedies and case law directs that, where other remedies are available, the Court lacks jurisdiction to proceed in this case. *Frazee,* 947 F.2d at 449; *Madden,* 95 F.3d at, 40; *Akers,* 215 F.3d at 1106-1107; *$30,006.25 in U.S. Currency,* 236 F.3d at 614.

However, even if the Court had jurisdiction to proceed, questions raised by Petitioners, including overbreadth of the warrant and delay in the criminal prosecution, are better addressed in

the context of administrative proceedings or criminal proceedings in the District of Maryland. The interests of avoiding interference with any criminal investigation or proceedings, inconsistent decisions in multiple proceedings, and forum shopping, any claims for return of the firearms seized in this case support dismissal without prejudice in favor of permitting Petitioners to pursue their claims in those forums.

The Court is not unsympathetic to Petitioners' concerns about delays in the criminal and administrative forfeiture processes. However, case precedent dictates that the Court lacks subject matter jurisdiction at this juncture and absent jurisdictional authority, the Court will not interfere in the administrative and criminal proceedings. *See, e.g., Moya Michael Alonzo Agency v. New Mexico*, No. CV 18-0177 JCH/KBM, 2018 WL 1384472, at *2 (D.N.M. Mar. 16, 2018) (holding that this Court should dismiss a bankruptcy appeal in favor of proceedings pending before the Tenth Circuit Bankruptcy Appellate Panel in order to avoid inconsistent decisions).

However, the Court's dismissal is without prejudice and Petitioners are not precluded from instituting a new case in the appropriate forum should circumstances change.

### 3. The Court Denies All Pending Motions as Moot

Also pending before the Court are Petitioners' Motion for Hearing (Doc. 15), Motion for Hearing (Doc. 21), and Motion for Extension of Time (Doc. 24). The Court will deny all pending Motions as moot in light of dismissal of this case for lack of jurisdiction.

**IT IS ORDERED:**

**(1)** Petitioners' Motion for Hearing (Doc. 15), Motion for Hearing (Doc. 21), and Motion for Extension of Time (Doc. 24) are **DENIED** as moot; and

**(2)** The Petition for the Return of Seized Property Under Fed. R. Crim. P. 41(g) (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

_____
CHIEF UNITED STATES DISTRICT JUDGE